REBECCA BEACH SMITH, UNITED STATES DISTRICT JUDGE
This matter comes before the court on the Defendant's "Motion Demanding a Jury Trial at Which the Government Must Prove Supervised Release Violations Beyond a Reasonable Doubt," filed by counsel on April 23, 2019. ECF No. 23. On April 18, 2001, the Defendant pleaded guilty to Counts Two and Three of a three-count criminal indictment. Count Two charged him with Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). ECF No. 1. Count Three charged him with Possession of Cocaine Base, in violation of 21 U.S.C. § 844(a). Id.
On July 26, 2001, the Defendant was sentenced to sixty (60) months imprisonment on Count Two, with the court directing that the Defendant's term of imprisonment should run concurrently to the Defendant's state sentence on related charges, and with the Defendant being given credit for sixteen (16) months imprisonment he had already served on the state charges. ECF No. 11. The Defendant was sentenced to twelve (12) months imprisonment on Count Three, to run consecutively to Count Two, and to all state sentences imposed on the Defendant. Id. The Defendant was also sentenced to three (3) years supervised release on Count Two, and one (1) year supervised release on Count Three, to run concurrently. Id.
The Defendant's term of supervised release began on July 13, 2017. ECF No. 12. On March 19, 2019, a Petition was filed, alleging violations of supervised release against the Defendant. Id. A hearing is scheduled for May 3, 2019, at 11:00 A.M., for this court to review the alleged violations of supervised release against the Defendant.
In his Motion, the Defendant argues that the Fifth and Sixth Amendments to the United States Constitution guarantee him the right to a jury trial on his supervised release violations, and also require that the United States must prove the alleged supervised release violations beyond a reasonable doubt. ECF No. 23 at 3. The Defendant further argues that a jury trial is necessary in this case because he has already served the maximum term of imprisonment allowed by statute for his offenses. Id. [1]
*700 The Defendant is not entitled to any of the relief he seeks. Federal Rule of Criminal Procedure 32.1(b)(2) provides a defendant with a set of rights in a supervised release revocation hearing, including the right to written notice of the alleged violations, an opportunity to present evidence, and several others. Id. A defendant in a supervised release revocation hearing "does not have a constitutional right to trial by jury under the standard of beyond a reasonable doubt." United States v. Ward, 770 F.3d 1090, 1099 (4th Cir. 2014). Rather, in a supervised release hearing, the court acts as the finder of fact, and may revoke a term of supervised release previously imposed, if it finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release. 18 U.S.C. § 3583(e)(3).
Moreover, an additional term of imprisonment imposed by this court for supervised release violations would not be in excess of the statutory maximum for the Defendant's offenses. The Defendant's argument fails to consider that a term of imprisonment and a term of supervised release are each a separate part of a defendant's sentence, and are each expressly authorized by statute. Title 18 U.S.C. § 3583(b) provides specific statutory authority for the court impose a term of supervised release as part of a defendant's sentence. Id. Title 18 U.S.C. § 3583(e)(3) provides specific statutory authority for the court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute," if the court finds the Defendant in violation of the terms of supervised release. Id. Neither of these sections limit the court's authority to impose a term of supervised release, or to revoke the same, based on the term of imprisonment imposed by the court at sentencing. See id.; 18 U.S.C. § 3583(b).
Accordingly, once the court adjudged the Defendant guilty of Counts Two and Three, the court was authorized by statute to impose a term of imprisonment not in excess of the statutory maximum, and also to impose a term of supervised release not in excess of the statutory maximum. It does not follow that a term of imprisonment imposed on the Defendant at this stage for supervised release violations would be in "excess" of what is permitted by statute.
For these reasons, the Defendant's Motion, ECF No. 23, is DENIED . The Clerk is DIRECTED to forward a copy of this Order to the Federal Public Defender and the Assistant United States Attorney.
IT IS SO ORDERED.

In further support of his argument, the Defendant cites to the fact that the Supreme Court has granted a writ of certiorari in a case involving supervised release. United States v. Haymond, 869 F.3d 1153 (10th Cir. 2017), cert. granted, --- U.S. ----, 139 S.Ct. 398, 202 L.Ed.2d 309 (2018). However, the issue presented to the Supreme Court in that case concerns the constitutionality of 18 U.S.C. § 3583(k), which is not a statutory provision at issue in this case. See Brief of Petitioner at 2, United States v. Haymond, --- U.S. ----, 139 S.Ct. 398, 202 L.Ed.2d 309 (2018).